**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 06-369-JBC**

**IMA JOYCE RIDDELL,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits (DE 7, 8).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520. If it is determined during the process that the claimant is not disabled, then the analysis ceases at that step. *Mowery v. Heckler*, 771 F.2d 966, 969 (6th Cir. 1985); 20 C.F.R. § 404.1520(a)(4).

## II. The ALJ's Determination

The claimant is a fifty-five-year-old female with a high-school equivalent

education and past work as a billing clerk and claims clerk.  AR 68, 80, 299.  The claimant alleges disability beginning on March 20, 2003, as a result of degenerative disc disease, cervical and lumbosacral spine.  AR 39, 321, 323.  The plaintiff filed an application for Disability Insurance Benefits ("DIB") on November 24, 2003, which was denied initially and on reconsideration.  AR 321.  After a hearing held on February 23, 2006, Administrative Law Judge ("ALJ") John M. Lawrence determined that the plaintiff did not suffer from a disability as defined by the Social Security Act.  AR 321, 327.  At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity.  At Step 2, the ALJ found that the claimant's impairments or combination of impairments are not severe, precluding a finding that the claimant is disabled.  AR 323.  The ALJ found that the impairments did not significantly limit the claimant's ability to perform basic work-related activities.  *Id.*  On August 29, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 8, and the plaintiff then commenced this action.

### III.  Legal Analysis

The claimant argues that the ALJ's determination that her impairments are not severe is not supported by substantial evidence.  A non-severe impairment is one that does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1521(a).  Basic work activities include the abilities and aptitudes necessary to do most jobs.  20 C.F.R. § 404.1521(b)(1)-(6).

"[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Farris v. Sec'y of Health and Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985)); *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 691-92 (6th Cir. 1985); Social Security Ruling ("SSR") 85-28.

At step 2, the claimant bears the burden of proving that her impairments are severe. 20 C.F.R. § 404.1512(a). Nonetheless, an ALJ should not conclude that a claimant's condition is non-severe if the ALJ "is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities." SSR 85-28. If the effect of the claimant's impairments is not clear, the ALJ should continue the 5-step evaluation. *Id.* However, if the medical evidence shows that the claims lack merit, then there is no reason to consider age, education and experience. *Higgs*, 880 F.2d at 862-63.

The ALJ found that even though the claimant has a medically determinable impairment, the impairment has not significantly limited her ability to perform basic work activities. AR 323. Ms. Riddell claims that her medical issues are more than a slight abnormality. She was diagnosed with degenerative disc disease by Dr. Markowitz in October 2002. AR 161, 166. The functional limitations caused by the claimant's impairments, rather than the mere diagnosis of a medical disorder, determine disability . *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). A

diagnosis of degenerative disc disease may form the basis for finding a severe impairment in the Listing of Impairments, but only if it causes functional limitations that significantly limit the claimant's ability to work. *See* 20 C.F.R. § 404.11520(c). The ALJ found that the claimant's impairments did not significantly limit her ability to work. AR 323.

The claimant argues that a report completed by Sheila Virgin, a nurse practitioner, and signed by Dr. Nancy Ryan, includes findings that show enough evidence to survive the "step two" review. AR 248-51. She claims that the ALJ did not properly review this report for evidence of a severe impairment, but instead disregarded its findings regarding her limitations because they were not supported by other evidence. The report states that Ms. Riddell can stand and/or walk for only 15-20 minutes and sit for 10-15 minutes in an 8-hour workday. AR 249. As the commissioner notes, this would require the claimant to lie down for a large portion of the day. In deciding what weight to give a physician's opinion, the ALJ should consider whether the medical opinion is supported by clinical evidence and consistent with the record. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006). With regard to the report signed by Dr. Ryan, the ALJ notes that Ms. Virgin is not an acceptable medical source and that Dr. Ryan merely signed off on the assessment. AR 326. The ALJ also refers to the lack of evidence in support of Ms. Virgin's assessment and the inconsistencies between the report and the claimant's daily activities. *Id.* The claimant testified that she drives herself to

5

the post office and the bank, crochets, reads, talks on the telephone, eats at fast-food restaurants, shops for groceries, and attended a gun show two-and-a-half hours away.  AR 307-14.  These various activities are inconsistent with the limitations noted in Ms. Virgin's assessment.  AR 326.

The ALJ lists medical opinions by various doctors which found that the claimant did not have any severe impairments.  AR 324.  Dr. Shah, for example, performed a consultative examination and found that the claimant could tolerate basic work activity.  AR 207.[1]  His findings were consistent with an examination at a clinic over a year later that found no musculoskeletal or neurological abnormalities.  AR 290.  The claimant alleges that the ALJ gave great weight to Dr. Brown's opinions even though Dr. Brown examined only  Ms. Riddell's records.  AR 324.  However, the ALJ simply mentions Dr. Brown's assessment along with the findings of the many doctors who examined Ms. Riddell or reviewed her record.  AR 324.  The opinions by the state agency medical consultants and program physicians are consistent with the ALJ's conclusion that the claimant is not disabled.  *Id.*  Though their opinions are not entitled to controlling weight, they should be considered because they constitute evidence in the record.  20 C.F.R. §§

---

[1] Dr. Shah found that the claimant "was able to get on and off the examination table without difficulty.  Range of motion of cervical and lumbar spine was normal. . . .  Sciatic nerve stretch test was negative.  Range of motion of shoulders, elbows, wrists, fingers, hips, knees and ankles was without any restriction.  There was normal ability to grasp and manipulate objects.  The gait is non-antalgic without the use of any assistive device.  Tandem gait and heel and toe walking were normal.  Joints examination did not reveal sign of effusion or inflammation."  AR 205.

404.1512(b), 404.1527(f)(2); *see* AR 326.

The claimant also contends that the ALJ's credibility assessment was not supported by substantial evidence.  She claims that her sporadic daily activities are not indicative of her abilities on a sustained basis.  The claimant's testimony regarding her symptoms, such as pain, is considered by the ALJ to the extent it "can reasonably be accepted as consistent with the objective medical evidence and other evidence."  20 C.F.R. § 404.1529(c)(3).  The ALJ considers her daily activities as one of the factors relevant to her symptoms.  *Id.; Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531-32 (6th Cir. 1997) (finding that an ALJ may consider household and social activities in making a credibility determination).  Therefore, the ALJ properly considered the claimant's testimony regarding her daily activities in making a credibility determination.  In assessing the claimant's testimony, the ALJ also noted the type and frequency of the claimant's pain medication, and that the claimant attended physical therapy at the Berea Hospital for her back pain but did not continue going.  AR 131, 139, 142, 145; *see Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994).  The ALJ found, based on all the evidence, "that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible."  AR 326.

After considering the entire record, the ALJ concluded that "[t]he claimant does not have an impairment or combination of impairments that has significantly limited . . . [her] ability to perform basic work-related activities," and therefore, the

claimant's impairments are not severe. AR 323. The court finds that the ALJ's step-two determination is supported by substantial evidence. Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 7) is **DENIED**.

Signed on  March 21, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY